MARY JANE GOWDY, RESPONDENT, v. JOHN H. CORDTS, WILLIAM HUTTON AND OTHERS, APPELLANTS.

*Deed — construction of it — what evidence is admissible to aid in determining its meaning.*

By a deed dated March 22, 1866, one Taylor conveyed an undivided one-half of a ten-acre lot in Esopus to Joseph Bell, and thereafter, by a deed dated March 26, 1868, one Smith conveyed the other undivided one-half of the same lot to Bell. Subsequently Bell executed a deed which, after describing four other parcels of land owned by Bell, conveyed " also the undivided moiety or half part of all that certain tract of land situated in the town of Esopus," describing the ten-acre lot and then continuing, " being the same premises conveyed to said Joseph Bell, of the first part, by Charles G. Taylor and wife, of the city of New York, by deed dated March 26, 1866." It then described another lot and continued, " and also all other real estate and water front on Rondout creek, situate in the town of Esopus, Ulster county, and State of New York, belonging to me, or which I have any interest in." It appeared that in addition to the lots described in the deed Bell owned, in Esopus, a lot called " the dump lot."

*Held,* that the grantee took only an undivided one-half interest in the ten acre lot.

That in construing the deed, evidence showing that Bell owned real estate, other than that described in the deed, was admissible as showing the circumstances under which the deed was executed, but that evidence as to his intention was not competent.

APPEAL by the defendants from an interlocutory judgment in an action of partition, entered in Ulster county upon the trial of the action by the court without a jury.

The decision of the case turned upon the proper construction to be given to a deed.

*Peter Cantine,* for the appellants.

*William Lounsbery,* for the respondent.

LEARNED, P. J.:

Joseph Bell owned several parcels of land in Esopus — one of ten acres. An undivided half of this ten-acre parcel he had purchased by deed of Charles G. Taylor, dated March 22, 1866; the other undivided half by deed of Gilead A. Smith, dated March 26, 1868, each deed stating that it conveyed an undivided half. Subsequently

Bell executed a deed of land to Charles Shultz. This first described four parcels and then "also all the undivided moiety or half part of all that certain tract of land situated in the town of Esopus," describing the ten-acre lot and then continuing, "being the same premises conveyed to said Joseph Bell, of the first part, by Charles G. Taylor and wife, of the city of New York, by deed dated March 22, 1866." The deed then described another lot and then continued, "and also all other real estate and water front on Rondout creek, situate in the town of Esopus, Ulster county, and State of New York, belonging to me or which I have any interest in." The question is, whether these last words conveyed the other undivided half of the ten-acre parcel. We think that evidence of Bell's intention was not competent. But the admission of this evidence could not, in our view, affect the decision of the case unfavorably to the defendants. Besides the lots specifically described in the deed, Bell owned in Esopus a lot called "the dump lot." The proof of this fact was competent as showing the circumstances under which the deed was executed. There was, then, land which might be conveyed by these general words, other than the undivided half of the lot in dispute.

Construing the deed, then, solely by its own language and by the fact proved as to the dump lot, without regard to the testimony of Bell as to his intention, we think the case was properly decided. Undoubtedly a man may convey lands by general words, as for instance, "all the lands I own in" such a town. But that is not the question here. Here we are to ask what did Bell mean, judging from the deed? Now if he intended to convey the whole of a lot, he would not have conveyed expressly the undivided half of it. When he afterwards added these general words it is evident that he referred to lots or parcels which he had not described, not to the other undivided half of a lot which he had described.

If there had been no land owned by Bell other than that specifically described and the other undivided half, then the defendants might have had strong grounds. Though even in that case we should be disposed to construe the deed as is claimed by plaintiff. But as the general words may operate on the "dump lot," the argument from necessity has no force. And when Bell conveyed one undivided half he intended to retain the other. That there

was no error in this part of the deed is evident from the specification that the land conveyed was that which had been deeded to him by Taylor. Clearly he did not intend to convey the other undivided half which had been deeded to him by Smith.

It was right to charge defendants with costs. The litigation was really a trial of the title, as it would have been in ejectment, though in form an action of partition.

The judment is affirmed, with costs.

BOOKES and LANDON, JJ., concurred.

Judgment affirmed, with costs.